# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Fernando Santibanez-Salais** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR00256-001JB**<br>USM Number: **32868-280**<br>Defense Attorney: **Jerry Walz, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 11/22/2009 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 21, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 14, 2011**
Date Signed

Defendant: **Fernando Santibanez-Salais**
Case Number: **2:10CR00256-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

The Court incorporates its Memorandum Opinion and Order filed in United States v. Santibanez-Salais, No. CR 10-0256. On April 1, 2010, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Defendant Fernando Santibanez-Salais. The PSR calculates Santibanez-Salais` offense level as 21 and his criminal history as category III. An offense level of 21 and a criminal history category of III establishes a guideline range of 41 to 51 months. The Court has reviewed the PSR and its factual findings. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications in the PSR, and the Court having sustained Santibanez-Salais` request for a downward departure on over-representation and denied his request for downward departure based on cultural assimilation, the Court will adopt the sentencing guideline applications in the PSR as its own with the exception of the reduced criminal history category of II. The Court will downwardly depart on over-representation, because the Court believes that a criminal history category of III substantially over-represents Santibanez-Salais` criminal history. Santibanez-Salais was placed in criminal history category of III because, at the time that he committed the instant illegal re-entry offense, he was under a criminal justice sentence in the form of a three-year term of non-reporting supervised release, which was imposed as a result of a conviction for conspiracy to smuggle aliens. Had the illegal re-entry offense before the Court not occurred so quickly, Santibanez-Salais would have been in a criminal history category of II. The Court does not believe that a criminal history category of III is a strong predictor of what Santibanez-Salais will do in the future, given that Santibanez-Salais will still receive a sizeable sentence, even if the Court departs to a criminal history category of II, and given that this offense is the first time he has received any sort of sentence for re-entry.

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Santibanez-Salais` offense level is 21 before any downward departure, and his criminal history category is II, establishing a guideline imprisonment range of 41 to 51 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, because the Court is satisfied that the agreed offense level departs for justifiable reasons, which include the United States Attorney`s adoption of the early disposition program in this district. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs. This departure on Santibanez-Salais` offense level is at the bottom of the range of departures that Congress allowed under Section 401, and the specific reason for the downward departure is that the plea agreement is pursuant to a fast-track program. The Court`s judgment and sentence will therefore be consistent with the plea agreement.

An offense level of 20 combined with a criminal history category of II establishes a guideline range for 37 to 46 months. The Court notes Santibanez-Salais reentered the United States after previously being deported and that deportation was subsequent to a conviction for conspiracy to smuggle aliens. The Court has carefully considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. Even though the Court has granted downward departures on Santibanez-Salais` offense level and criminal history category, it believes that the punishment that is set forth in the guidelines is still not appropriate for this offense. The Court has considered the kinds of sentences and ranges established by the guidelines, and the Court believes that, for a number for reasons, a further variance is appropriate. The Court believes that the downward departure on over-representation was appropriate to reflect Santibanez-Salais` criminal history, but believes that the circumstances of his conviction for conspiracy to smuggle non-citizens counsel for a further variance. The 16-level enhancement is a considerable enhancement for a set of circumstances that, while they constitute a per se crime of violence, really did not involve a violent situation. The crime involved Santibanez-Salais harboring people moving into the United States, and there is nothing to suggest that the people were in any actual danger or were at risk of serious physical harm. Santibanez-Salais was harboring those individuals for money, his actions were a crime, and he has been punished for his actions, but one can get a sense for how serious the crime was from the sentence he received from United States District Court for the Western District of Texas -- a sentence of imprisonment for 12 months and 1 day. As a result of that conviction, Santibanez-Salais is facing a sentence well above what he received for the underlying crime of smuggling.

The Court believes that it still needs to treat seriously the smuggling crime, because Congress treats the crime seriously with

**severe sentences and enhancements, but it is not sure that it needs to treat the prior crime as seriously as an increase of 16 levels does. The Court will treat the prior crime as deserving approximately a 12-level increase. The Court believes that treating the prior crime as deserving approximately a 12-level increase still underscores Congress` seriousness without detracting too much from Congress` concern. The Court also believes that 12 levels more accurately reflects the seriousness of the circumstances that were involved in the crime.**

**The Court did not grant a downward departure on cultural assimilation, because it did not believe that Santibanez-Salais` situation fell outside of the heartland of cases. There are a number of factors, however, that call for a variance based on the substantial amount of time that Santibanez-Salais has spent living in the United States, his education in the United States, his work in the United States, his family in the United States, and his fairly minimal ties to Mexico. The Court will therefore grant a further downward variance that is equivalent to about 1 offense level.**

**The Court will therefore downwardly vary an amount equaling approximately 5 offense levels, which places Santibanez-Salais at a range equaling approximately an offense level at 15, which would approximate a range of 21 to 27 months. Santibanez-Salais proposed a sentence of 20 or fewer months. Although Santibanez-Salais` proposal is thoughtful, the Court believes that a sentence slightly higher than Santibanez-Salais` proposed sentence -- a sentence of 21 months -- better reflects the seriousness of this offense and his prior offense. The Court believes that, given that Santibanez-Salais has not really received a re-entry sentence before this one and it is uncertain how he will respond, this sentence will promote respect for the law. The Court believes that this 21-month sentence provides a more just sentence than a higher one or a guideline sentence, given the circumstances of Santibanez-Salais` criminal history. The Court is optimistic that, because this is Santibanez-Salais` first re-entry crime, this sentence will afford adequate deterrence. Santibanez-Salais` criminal history does not contain crimes of actual violence or instances where others were at serious risk of injury, and he does not appear to be a danger to the public, so the Court does not believe that it has to overemphasize the protecting-the-public factor. The Court believes that this 21-month sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is more reasonable than one in the three-year range. Moreover, this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☒  The court makes the following recommendations to the Bureau of Prisons:

**La Tuna Federal Correctional Institution, Anthony, New Mexico-Texas, if eligible**

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant shall surrender to the United States Marshal for this district:
  ☐  at  on
  ☐  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐  before 2 p.m. on
  ☐  as notified by the United States Marshal
  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Fernando Santibanez-Salais**
Case Number: **2:10CR00256-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Fernando Santibanez-Salais**
Case Number: **2:10CR00256-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Fernando Santibanez-Salais**
Case Number: **2:10CR00256-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $waived | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☐   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.